UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-mj-00024 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| DONOVAN RAY CROWL, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING FOR LACK OF AUTHORITY THE MOTION
TO DISTRICT COURT FOR REVIEW OF DETENTION ORDER BY
DEFENDANT DONOVAN CROWL (DOC. 14)**

---

This matter comes before this Court pursuant to the Motion to District Court for Review of Detention Order (Doc. 14), filed by Defendant Donovan Crowl ("Crowl").  Pursuant to 18 U.S.C. § 3145(b), Crowl seeks review by the undersigned of the detention order issued by one of the magistrate judges in this district (Doc. 13).  However, it is "the court having original jurisdiction over the offense" that has the authority to conduct such a review.  18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge, … the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order").  Here, that court is the United States District Court for the District of Columbia, where the Government filed the criminal complaint (Docs. 1, 5).  *U.S. v. Torres*, 86 F.3d 1029, 1031 (11th Cir. 1996) ("The plain language of section 3145 dictates that the district court with original jurisdiction over the offense, *i.e.*, the prosecuting district, … is the only proper one to review the order in question").

1

In support of his argument that this Court should review the detention order, Crowl cites to the unpublished opinion in *U.S. v. Johnson*, No. 96-4173, 1996 U.S. App. LEXIS 32849, 1996 WL 711592 (6th Cir. Dec. 10, 1996). (Doc. 14 at PAGEID # 68.) However, *Johnson* is not controlling authority, and the panel in *Johnson* lamented the "little guidance from other courts" regarding the issue at the time. *Johnson*, 1996 WL 711592, at *1; *Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 591 (6th Cir. 2001) ("unpublished opinions are never controlling authority"). To this Court's knowledge, every single other federal court of appeals decision to address the issue—both prior to and since *Johnson*—reached the opposite conclusion from *Johnson*. *Torres*, 86 F.3d at 1031; *United States v. Evans*, 62 F.3d 1233 (9th Cir. 1995) (authority to review magistrate judge's detention order resides with the district court where the prosecution is pending; vacating order of release issued by district court from same district as the magistrate judge who had ordered the defendant detained pending trial); *United States v. El-Edwy*, 272 F.3d 149, 154 (2d Cir. 2001) ("[w]e hold that, for purposes of 18 U.S.C. § 3145, the court having original jurisdiction over the offense means the court in the district in which the prosecution is pending, not the court in which the magistrate judge sits") (internal quotation marks omitted); *United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003); *United States v. Vega*, 438 F.3d 801, 804 (7th Cir. 2006) ("[u]nder 18 U.S.C. 3145, the government or a charged party who moves for review of a release or detention order must do so in the court where charges are pending, regardless of where the initial appearance and detention hearing took place"). And, this Court believes that a common sense reading of 18 U.S.C. § 3145(b) aligns with the reasoning and conclusion of all those other federal appeals courts.

Therefore, the Court **DENIES** the Motion to District Court for Review of Detention Order (Doc. 14). Crowl may choose to file such a motion with the United States District Court for the

District of Columbia.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, February 1, 2021.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
